**REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,**

**v.**

**William H. WISDOM, Appellee.**

**No. 17351.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 1, 1972.

Rehearing Denied Jan. 5, 1973.

Beard & Kultgen, and Thomas L. Cook, Waco, for appellant.

Law Offices of George Busch, Inc., and Charles Leeper, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a suit on an accident and sickness insurance policy issued by Republic Bankers Life Insurance Company, defendant, to William H. Wisdom, plaintiff, where the Court rendered judgment for plaintiff on a jury verdict favorable to the plaintiff.

The appellant on this appeal relies upon ten points of error, each of which is based upon no evidence or insufficient evidence to support the Court's submission of or the jury's answer to Special Issue No. 2.

We affirm.

Special Issue No. 2 reads: "Do you find from a preponderance of the evidence that the abnormality of William H. Wisdom lower spine . . . did not contribute to the bodily injury incurred by William H. Wisdom on February 18, 1970?" The jury answered, "It did not contribute."

The question to be resolved by this Court is whether or not there was any evidence or sufficient evidence to support the submission of and the jury's answer to the above issue. To resolve this question we have carefully reviewed the entire record in this cause.

The appellant defined "injury" in its policy as follows:

"Injury or such injury means only bodily injury incurred through external and accidental means while this policy is in force, but not caused or contributed to by disease, bodily or mental infirmity, or by medical or surgical treatment for disease or bodily or mental infirmity."

Appellant in its response to the Plaintiff's Request for Admissions (Rule

169, Texas Rules of Civil Procedure) admitted "That on or about February 18, 1970 the plaintiff was accidentally injured at work in Arlington, Tarrant County, Texas." In Thornell v. Equitable Life Assurance Society of United States, 385 S.W.2d 716 (Texarkana, Tex.Civ.App., 1964, no writ hist.) the court said, "An admission made pursuant to Rule 169, T.R.C.P., is of a higher dignity than testimony; such an admission is the same as an admission made in the applicable pleadings of the party." See also Sprouse v. Texas Employers' Insurance Association, 459 S.W.2d 216 (Beaumont, Tex.Civ.App., 1970, ref., n. r. e.).

■■■ In case of a reasonable doubt as to which of two constructions best accords with the intent of the parties in construing a contract, the rule is that the construction should prevail which is least favorable to the party who prepared the instrument. Ervay, Inc. v. Wood, 373 S.W.2d 380 (Dallas, Tex.Civ.App., 1963, ref., n. r. e.); Stowers v. Harper, 376 S.W.2d 34 (Tyler, Tex.Civ.App., 1964, ref., n. r. e.). The policy in question distinguishes disability and injury. It does not limit recovery for disability contributed to by prior conditions. It seeks to limit recovery when the cause of the injury is contributed to by prior conditions.

The facts proved are that on February 18, 1970, while working at General Motors, Mr. Wisdom fell off of a platform twelve to eighteen inches high, hit his back on a car door and went down to his knees. An x-ray taken on February 19, 1970, showed that Mr. Wisdom had an abnormality of his lower spine. Dr. Meek's, plaintiff's doctor, diagnosis was that the accident of February 18, 1970, aggravated the previous existing abnormality of Mr. Wisdom's lower spine. The operation performed on Mr. Wisdom by Dr. Meek was to fuse the last two lumbar vertebrae to the sacrum. In answer to a question inquiring whether the injuries sustained by Mr. Wisdom from his fall on February 18, 1970, alone and by themselves would have caused Mr. Wisdom to be totally disabled for over one year, Dr. Meek answered "It could have."

The medical evidence from Dr. Meek was not conclusive. It was conflicting on the issue of causation of disability.

Gordon Wayne Wade testified that he worked with plaintiff, and that plaintiff was able to fill in and do all jobs in trimmer work and to handle any job out there before he was injured and that plaintiff never complained about his back and that pre-employment physicals were given at General Motors before the men were hired. To the same effect was the testimony of Mr. Arnold Ray Shults. Both plaintiff and his wife testified that he had never had any back trouble before the injury of February 18, 1970, and that he had not had any other accidents which accounted for his disability.

■■ In considering the admission of defendant and the testimony of the witnesses we are of the opinion and hold that there is ample evidence of probative force to support the findings of the jury to Special Issue No. 2 and such finding is conclusive and binding on both the trial court and this court. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). See Stroburg v. Insurance Company of North America, 464 S.W.2d 827 (Tex.Sup., 1971); and Mutual Benefit Health & Accident Association v. Hudman, 398 S.W.2d 110 (Tex.Sup., 1965).

The jury findings were not so against the great weight and preponderance of the evidence as to be clearly wrong.

The conflicting evidence in this cause would have supported a jury verdict either way. The jury resolved the issues against the appellant and such findings find ample support in the record.

The judgment of the trial court is affirmed.