CHEVRON OIL COMPANY, Plaintiff-Appellant,

v.

E. D. WALTON CONSTRUCTION COMPANY, INC., Defendant-Appellee.

No. 74–3067.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1975.

**1120**

Donald M. Hunt, Bernard P. Evans, Lubbock, Tex., for plaintiff-appellant.

John P. Camp, Ft. Worth, Tex., for defendant-appellee.

Before WISDOM, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This Texas diversity case presents a single question of contract construction: whether a contractor is contractually obligated to indemnify an owner for payments for injuries to the contractor's employee resulting from the sole negligence of the owner. Under applicable Texas law, a contract of indemnity will not afford protection to the indemnitee against the consequences of its own negligence, unless the contract clearly expresses such an obligation in unequivocal terms. *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d 818 (Tex.1972). Since we find that in this case the contract between the parties does not evidence such a "clear and unequivocal" obligation, we affirm the district court's entry of judgment denying indemnification.

The facts essential to appeal are undisputed. In October 1971, Chevron Oil Company contracted with E. D. Walton Construction Company for certain remodeling and construction work at a Chevron gas processing plant in Texas. In the contract, Walton agreed to indemnify Chevron against injury claims arising out of the contractor's operations.

On October 7, 1971, Charles Greene, a general employee of Walton, while performing contractual work, was injured in a fire and explosion at the gas plant. The parties agree that the accident and Greene's damages were caused solely by the negligence of an employee of Chevron acting within the scope of his employment. Neither Walton nor any of its other employees were guilty of any negligence proximately causing the accident or injuries to Greene.

When Greene sued Chevron for damages, Chevron, relying on its indemnity contract, tendered the suit defense to Walton and requested Walton to pay any judgment rendered against Chevron. Walton refused. Faced with potential liability in the suit, Chevron settled with Greene for $43,000. It then brought this

action against Walton for the sum paid to Greene, plus its attorney's fees and court costs in Greene's suit. Walton defended on the ground that the contract did not indemnify Chevron for damages resulting from Chevron's own negligence. From the judgment for Walton, Chevron appealed.

The precise wording of the indemnification clause in the contract is as follows:

> LIABILITY AND LIENS: * * * Contractor agrees to protect, defend, indemnify and hold Company, its agents and employees, harmless from and against all loss, damage, liability, claims and liens of every kind arising out of or attributed, directly or indirectly, to the operations of Contractor hereunder, *including without limitation and irrespective of negligence,* all claims for injury to or death of persons, loss of or damage to property, and claims of workmen and materialmen. (emphasis added)

■ The general rule in Texas, subject to a number of exceptions, is that a contract of indemnity will not afford protection to the indemnitee against the consequences of his own negligence unless the contract expresses such an obligation in clear and unequivocal terms. *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d 818 (Tex. 1972); *Sira & Payne, Inc. v. Wallace & Riddle,* 484 S.W.2d 559 (Tex.1972); *Joe Adams & Son v. McCann Construction Co.,* 475 S.W.2d 721 (Tex.1971). Although Texas has not formally adopted the rule that an indemnitee is protected against his own negligence only if the contract language expressly states that the contract covers the negligence of the indemnitee, the decisions of Texas courts indicate an increasingly stricter application of the clear and unequivocal rule and have "progressed toward the so-called 'express negligence' rule as near as judicially possible without adopting it." *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d at 822.

■ In order for Chevron to recover indemnity for its own sole negligence, the contract must contain language which is close enough to "express negligence" that doubt is removed as to the parties intent. The language quoted above from the contract is generally the same as found in previous Texas cases denying liability, except for the emphasized portion. Chevron contends that the emphasized phrase "without limitation and irrespective of negligence" clearly and unequivocally expresses an intent that · Chevron be indemnified against its own sole negligence. By emphasizing the agreement's reference to the concept of negligence, Chevron attempts to distinguish this case from all other reported similar cases, none of which have construed an agreement referring to negligence. The contract with Walton "goes further than any on which the courts have ruled," Chevron contends, including some in which recovery was permitted by the indemnitee on account of his own negligence. Chevron concludes that until Texas adopts the express negligence rule, the plain words in this contract that indemnity is owed irrespective of negligence are sufficient to establish liability against Walton.

Since Texas cases indicate a progressively stricter application of the clear and unequivocal rule, *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d at 822, the precedential value of the older cases is questionable today. *See, e. g., Ohio Oil Co. v. Smith,* 365 S.W.2d 621 (Tex.1963), the analysis of which has been questioned in *Joe Adams & Son v. McCann Construction Co.,* 475 S.W.2d 721 (Tex. 1971). *See generally* Note, *Contractual Indemnity Provisions, Hopefully Reclarified,* 25 Baylor L.Rev. 543 (1973); Note, *The Indemnity Dilemma: Perfectly Obvious or Hopelessly Confused,* 24 Baylor L.Rev. 132 (1972); Note, 50 Tex.L.Rev. 520 (1972). The cases in which a negligent indemnitee has been permitted recovery normally have involved what have come to be recognized as exceptions to the general rule and are not now very

helpful in applying the rule itself. *See, e. g., Spence & Howe Construction Co. v. Gulf Oil Corp.,* 365 S.W.2d 631 (Tex.1963) (exception for agreements which fall within the peculiar circumstances of the indemnitor having complete supervision over the property and employees of the indemnitee in connection with the performance of the indemnitor's contract); *Ohio Oil Co. v. Smith,* 365 S.W.2d 621 (Tex.1963), analysis *modified* in *Joe Adams & Son v. McCann Construction Co.,* 475 S.W.2d 721 (Tex.1971) (exception for contracts in which there is an unequivocal provision that indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to indemnitor's employees); *Mitchell's, Inc. v. Friedman,* 157 Tex. 424, 303 S.W.2d 775 (1957) (exception for agreements in which one person clearly undertakes to indemnify another against liability for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality). The exceptions are fully discussed in *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d at 822.

Walton claims the agreement between Chevron and Walton fails to pass the Texas clear and unequivocal test because it does not specify to whom the phrase "irrespective of negligence" refers. Does it mean (1) Walton will indemnify Chevron irrespective of negligence on Walton's part absent Chevron's negligence, or (2) that Walton will indemnify Chevron where Walton is negligent irrespective of Chevron's concurrent negligence, or (3) that Walton will indemnify Chevron irrespective of Chevron's sole negligence being the proximate cause of the injury.

■ As drafter of the contract, Chevron could have provided a clear indication that the parties intended the result it argues for now. Where there is ambiguity creating at least two reasonable constructions, that construction will prevail which is least favorable to the party who prepared the instrument. *Republic Bankers Life Insurance Co. v. Wisdom,* 488 S.W.2d 470 (Tex.Civ.App. 1972, err. ref., n. r. e.). The application of this maxim is particularly appropriate in this type indemnification case, since as was recognized by the Texas Supreme Court:

. . . Ordinarily, however, one does not contract against the results of his own negligence. Such agreements, except for insurance contracts, must be regarded as exceptional rather than usual in the majority of business transactions. Before such indemnity contracts may be enforced it must clearly appear that the contracting parties intended that the indemnitor would be held liable for damages resulting from the negligence of the indemnitee.

. . . . .

. . . The obvious purpose of this rule is to prevent injustice. A contracting party should be upon fair notice that under his agreement and through no fault of his own, a large and ruinous award of damages may be assessed against him solely by reason of negligence attributable to the opposite contracting party.

*Joe Adams & Son v. McCann Construction Co.,* 475 S.W.2d 721, 723–724 (Tex. 1971), *quoting Spence & Howe Construction Co. v. Gulf Oil Corp.,* 365 S.W.2d 631 (Tex.1963). Since Chevron relies on an indemnity contract which does not clearly and unequivocably provide for indemnification in circumstances in which it is solely negligent, it cannot recover from Walton under the Texas general rule.

■ Chevron urges that if we reject its general rule argument, it still should be allowed to recover from Walton under an exception to the rule which allows an indemnitee to recover for its own negligence if there is a contract "in which there is an unequivocal provision that indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to indemnitor's employees as in *Ohio Oil.* . . ." *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d at

822. The case which the *Fireman's Fund* opinion made reference to, *Ohio Oil Co. v. Smith,* 365 S.W.2d 621 (Tex.1963), has had its analysis modified in *Joe Adams & Son v. McCann Construction Co.,* 475 S.W.2d 721 (Tex.1971), and its weight as precedent is questionable today. *See* Note, *Contractual Indemnity Provisions, Hopefully Reclarified,* 25 Baylor L.Rev. 543, 546 (1973). Nevertheless, the language of the agreement between Chevron and Walton which provides for indemnity "for injuries to or death of persons . . . and claims of workmen and materialmen" is not the type of specific and unequivocal expression that would bring this case within the exception. Unlike in *Ohio Oil* the agreement does not specifically refer to Walton's employees. It speaks only in broad and general terms of "injuries to or death of persons." We believe that the *McCann* decision, in which the court held that a contract including the phrase "any and all claims . . . for damages or injuries to persons . . ." did not require indemnification for the indemnitee's own negligence, compels the result we reach here.

Since we find that Chevron cannot recover under either the general rule or under the exception to that rule, we affirm the judgment entered below.

Affirmed.