CHANNEL 20, INC., et al.

v.

**WORLD WIDE TOWER SERVICES, et al.**

Civ. A. No. H–83–5023.

United States District Court, S.D. Texas, Houston Division.

Oct. 29, 1984.

Patricia Hair, Crain, Caton, James & Womble, Houston, Tex., for cross-claim plaintiff Stainless, Inc.

Robert G. Taylor, II, Taylor, Hays, Price, McConn & Pickering, Houston, Tex., for cross-claim defendant World Wide Towers Services, Inc.

## MEMORANDUM AND ORDER

DeANDA, District Judge.

Pending before the Court are the cross-motions for summary judgment filed herein by World Wide Tower Services, Inc. and Stainless, Inc. for a declaratory judgment regarding contractual indemnity.

These consolidated diversity actions arose from the collapse of a large transmission tower on December 7, 1982. At the time of the collapse, the tower was under construction. In August, 1982 World Wide was hired by Stainless as an independent subcontractor to perform work pursuant to a construction order. The construction order contained the following provision:

Legal Responsibility—The contractor (World Wide) agrees to assume the risk of all injuries, including death, resulting therefrom to persons and damages to and destruction of property resulting directly or indirectly, wholly or in part, from the prosecution or omission of any work or obligation undertaken or required under this Construction Order, and to indemnify and save harmless STAINLESS, INC. from and against any and all liability arising therefrom. The subcontractor agrees to insure and keep insured the obligations undertaken by this paragraph and to furnish satisfactory evidence of such insurance to STAINLESS, INC.

We must construe the effect of the above indemnity provision in light of Texas law, which is well-developed in this area. The seminal case is *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818 (Tex.1972). The general rule followed in Texas is that a contract of indemnity will not afford protection to the indemnitee against the consequences of his own negligence unless the contract clearly expresses such an obligation in unequivocal terms. *Id.*, at 822. The only exceptions to this rule are (1) agreements to indemnify for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality; (2) agreements where the indemnitor has complete supervision over the property and employees of the indemnitee in connection with the performance of the indemnitor's contract; and (3) agreements which contain an unequivocal and clearly stated provision that the indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to the indemnitor's employees. *Id.*, and cases cited therein. General indemnity language by which a contractor agrees to indemnify against "all liabilities, claims or demands for or damages to any person ... growing out of the performance of work under this specification" or "on account of any act or in connection with the work" of the contractor (or subcontractor) is insufficient to clearly indicate an intention to protect the indemnitee against liability for damages caused solely by that party's own negligence. *Id.*, see also, *Joe Adams & Son v. McCann Construction Co.*, 475 S.W.2d 721 (Tex.1971).

All relevant provisions of the contract should be considered in determining its intent and meaning. *Fireman's Fund*, at 822–823. However, parol evidence is not admissible to show the intention of the parties regarding indemnification when the obligation to protect an indemnitee against the consequences of his own negligence is expressed in language which is unclear or equivocal. *Id.*, at 822; *McCann, supra; Sira & Payne, Inc. v. Wallace & Riddle*, 484 S.W.2d 559 (Tex.1972). In construing an indemnity provision where an ambiguity is present, it will be construed strictly against the party who drafted it, especially when the agreement provides for exemption from liability in favor of the party who drafted the contract. *General Corrosion Services Corp. v. "K" Way Equipment Co.*, 631 S.W.2d 578 (Tex.App.—Tyler 1982, no writ). Courts are precluded from expanding the scope of the indemnity coverage beyond that which is stated in the contract, despite the parties' (improperly expressed) intention to the contrary. *Ideal Lease Service, Inc. v. Amoco Production Co.*, 662 S.W.2d 951 (Tex.1983).

■ Courts which have recently addressed the issues presented here have adhered to the "clear and unequivocal" rule announced in *Fireman's Fund, supra.* The trend in Texas law has been progressively stricter in applying the rule that a contract of indemnity will not protect the indemnitee against his own negligence unless the obligation to do so is expressed in *clear and unequivocal terms. Eastman Kodak v. Exxon Corp.,* 603 S.W.2d 208, 211 (Tex.1980); Case Note, 50 Tex.L.Rev. 520 (1971–1972). This rule has been echoed in decisions of the Fifth Circuit applying Texas law. *E.g., Chevron Oil Company v. E.D. Walton Construction Co.,* 517 F.2d 1119 (5th Cir.1975); *McClane v. Sun Oil Co.,* 634 F.2d 855 (5th Cir.1981); *Haywood v. Southwestern Electric Power Co.,* 708 F.2d 163 (5th Cir.1983). Where an ambiguity creates two or more reasonable constructions, the construction which must prevail is that which is least favorable to the party who drafted the instrument. *Chevron v. Walton, supra,* at 1122. The reason for this rule of construction is that agreements wherein a party contracts against the results of his own negligence are exceptional rather than usual in the majority of business transactions. The policy here is to prevent injustice, in that a contracting party should be on fair notice that under his agreement and through no fault of his own, a large and ruinous award of damages may be assessed against him solely by reason of negligence attributable to the opposite contracting party. *Id.,* and cases cited therein.

Stainless contends that the provision at issue satisfies the clear and unequivocal rule since the term "all liability" resulting directly or indirectly, wholly or in part, from any obligation required by the contract, when coupled with the obligation to obtain insurance, sufficiently puts World Wide on fair notice that it is to indemnify Stainless against its own negligence. This contention flies in the face of *Fireman's Fund,* however, where the court rejected an almost identical argument, noting that such general words of indemnity were insufficient to pass clear-and-unequivocal muster, and that such insurance provisions as those found here are often required to guard against the potential insolvency of the indemnitor, and they should not be considered as any evidence of intent to broaden the contractual indemnity obligation. *Id.,* at 822–823. The cases relied upon by Stainless which appear to hold to the contrary were all decided prior to *Fireman's Fund* and *Eastman Kodak,* and must therefore be disregarded. These cases are factually distinguishable as well.

■ Stainless is correct in stating that the indemnity provisions which were addressed in the various cases cited hereinabove and relied on by World Wide are different from the instant provision. However, these differences are not controlling in and of themselves. In order to hold in favor of Stainless, this Court must be able to conclude that the mandates of *Fireman's Fund, Eastman Kodak, Chevron, McClane, Haywood* and other cases cited herein have been satisfied. This we cannot do since the broadly-stated language of the indemnity provisions at issue, even when read in conjunction with the rest of the contract, do not clearly and unequivocally put World Wide on notice that it is to hold Stainless harmless from its own negligence. Similarly, Stainless cannot be shielded from liability for acts of concurrent negligence. *See Haywood, supra,* at 167 and cases cited therein.

Our inquiry is not at an end since Stainless argues that this case falls within the exceptions to the clear and unequivocal rule set forth in *Eastman Kodak,* at 211–212. A review of the entire contract does not support this argument. First, the indemnity provisions are not in any way related to premises defects or the operation of a specified instrumentality. On the contrary, the contract pertains to the construction project for installing, erecting and testing a large transmission tower. Moreover, Stainless set forth various instructions as to how the project was to be completed and provides for coordination between the two parties in completing the project. It follows from these same facts that the second

exception, that of complete supervision of the indemnitor over the property and employees of the indemnitee, is not present here. (Further, Stainless had no employees present on the job site.) Finally, the third exception has not been expressly urged by Stainless and is clearly inapplicable in any event.

Stainless relies on two cases which could arguably support its position except for the fact that the cases did not apply Texas law, which is the controlling law in this case. The Court therefore will not address *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970) (federal law), or *Young v. Kilroy*, 673 S.W.2d 236 (Tex.App.—Houston [1st Dist.] 1984, no writ) (maritime law).

 The negligence of an employer who subscribes to the Workers' Compensation Act (Art. 8306 *et seq.*, Tex.Rev.Civ. Stat.Ann.) may not be submitted to the jury in an action by the employee against a third party. While Art. 2212a generally governs the liability and contribution of joint tortfeasors and would appear to contemplate submission of such a jury issue, the Workers' Compensation Act functions as an exception to Section 2(b) of Art. 2212a. When read together, these statutes indicate that the intent of the Texas legislature was to allow an injured or deceased employee to recover the total amount of actual damages as found by the jury diminished only by the amount of negligence attributed to the employee. *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983); *accord, Barber v. Texaco*, 720 F.2d 381 (5th Cir.1983). This rule has not been disturbed by *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984). World Wide was a subscriber within the meaning of the Act at the time its five employees were killed. Hence, Stainless may not submit a negligence issue regarding World Wide's negligence which may have caused those deaths. Finally, Stainless may not submit such a jury issue under the guise of indemnification, since to do so would clearly violate Texas case authorities. *Barber v. Texaco, supra,* at 385 and cases cited therein.

 Stainless is not foreclosed from enforcing the indemnity provisions of the contract vis-a-vis any losses resulting from the negligence of World Wide, if any such losses should occur. Stainless is, however, foreclosed from trying its cross-action against World Wide in the plaintiffs' case-in-chief and from submitting any jury issues regarding World Wide's negligence. Any indemnity issues regarding these parties should be separately tried, if necessary, after the jury has returned its verdict on the case-in-chief.

For the reasons set forth above, it is hereby ORDERED that World Wide Tower Services' motion for summary judgment be GRANTED to the extent set forth above, and that Stainless' motion for summary judgment be DENIED.