PORT ROYAL DEVELOPMENT
CORP., Appellant,

v.

BRASELTON CONSTRUCTION
CO., Appellee.

No. 13–85–231–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Roland L. Leon, Thornton, Summers, Biechlin, Dunham & Brown, Corpus Christi, for appellant.

David J. Dunn, Brin & Brin, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a worker's compensation claim against appellant. This case involves a construction site accident in which Alex Garcia sustained personal injuries while in the employment of appellee, subcontractor Braselton Construction Company (Braselton). Garcia brought suit against the general contractor, Port Royal Development Corporation (Royal). Royal impleaded Braselton for common law and contractual contribution, and indemnity. At trial, Braselton was granted an instructed verdict against Royal. Subsequently, Royal and Garcia reached a settlement agreement, the jury was dismissed, and appellant received a take-nothing judgment against Braselton.

On or about April 19, 1984, Garcia was cleaning out cement forms on the third floor premises of Port Royal Condominiums in Port Aransas when he stepped backwards and fell through an unguarded opening in the floor of the unfinished condominium to the second floor. Garcia sustained fractures to both wrists. It is undisputed that: (1) the hole in question was unguarded and that Braselton was one of several subcontractors hired by appellant at the job site; (2) appellant had employees at the job site; and (3) appellee had work-

**632**

er's compensation insurance and is therefore entitled to the protection of the Worker's Compensation Act.

Relying on a theory based on indemnity, Royal brings two points of error, claiming:

(1) The District Court erred in granting Braselton's motion for instructed verdict and rendering judgment for Braselton, because TEX.CIV.STAT.ANN. art. 8306 § 3 (Vernon Supp.1983) does not bar a claim to enforce an indemnity agreement between a third-party (Braselton) and an employer (Royal), when the agreement was executed prior to any injury of the employee (Garcia), and thus the statutory immunity granted by the Worker's Compensation Statute would not apply; and

(2) The District Court erred in granting Braselton's motion for instructed verdict and in rendering judgment for Braselton because there existed evidence of a probative nature concerning Braselton's negligence which proximately caused Garcia's injuries.

■ The general rule followed in Texas and a majority of other jurisdictions states that a contract of indemnity will not afford protection to the indemnitee against the consequences of his own negligence *unless* the contract clearly expresses such an obligation in unequivocal terms. *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.,* 490 S.W.2d 818, 822 (Tex.1972); *Delta Drilling Co., et al. v. Pedro Cruz and Consuelo Cruz,* 707 S.W.2d 660 (Tex. App.—Corpus Christi 1986, writ ref'd n.r. e.). *Channel 20, Inc. v. World Wide Tower Services,* 596 F.Supp. 928 (S.D.Tex. 1984). The Supreme Court stated in *Fireman's Fund* that:

> We have, in fact, progressed toward the so-called 'express negligence' rule as near as is judicially possible without adopting it and thereby requiring in all cases that the parties state, in so many words, that they intend to save the indemnitee harmless from liability for his own negligence.

*Fireman's Fund* at 822.

The indemnity agreement in this case reads as follows:

ARTICLE NINE

SUBCONTRACTOR agrees to and shall indemnify CONTRACTOR from and against any and all liability, expenses, charges, losses, claims, damages or suits, including costs and attorney's fees, which CONTRACTOR may suffer as a result of claims, demands, costs or judgements (sic) against CONTRACTOR for or on account of injury to or death of person or persons, or damage to or destruction of any property, belonging to either CONTRACTOR or others, occurring by reason of or arising out of the act or neglect of SUBCONTRACTOR, his officers, servants, employees or agents, *except the act or neglect of the CONTRACTOR,* in connection with performance of this Contract. [emphasis added].

The contract here does not express an obligation to indemnify Royal against the consequences of Royal's own negligence, but on the contrary, contains an *express* clause that Braselton will *not* indemnify Royal due to the act or neglect of Royal. *See Sira & Payne, Inc. v. Wallace & Riddle,* 484 S.W.2d 559, 561 (Tex.1972).

■ We agree with Royal that Art. 8306 § 3 will not bar a claim to enforce an indemnity agreement executed prior to an employee's injury. However, this particular indemnity agreement did not indemnify Royal for its own negligence.

Article 8306 § 3 provides in pertinent part as follows:

> If an action for damages on account of injury to ... an employee of a subscriber is brought by such employee ... against a person [Royal] other than the subscriber, ... and if such action results in a judgment against such other person, or results in a settlement by such other person, the subscriber [Braselton] ... *shall have no liability to reimburse or hold such other person* [Royal] *harmless on such judgment or settlement,* nor shall the subscriber ... have any tort or contract liability for damages to

such other person [Royal] because of such judgment or settlement, *in the absence of a written agreement expressly assuming such liability, executed by the subscriber prior to injury* ... [emphasis added].

In *Charter Builders v. Durham*, 683 S.W.2d 487 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), the Dallas Court held a contract almost identical to the indemnity agreement in this case to be insufficient, broad and general and held that the agreement did not specifically provide for indemnification for liability to the indemnitee from injury to the indemnitor's employee. If anything, the agreement in *Charter,* was more specific than the one before us. We find, as did the *Charter* Court, that the indemnity agreement does not meet the requirements to the exception to the general immunity provision contained in article 8306 § 3(d). *Charter Builders,* 683 S.W.2d at 493. We note also, that a review of the record, including the statement of facts, does not indicate that the action involved any of the exceptions to the rule that a contract of indemnity will not afford protection to the indemnitee against the consequences of his own negligence unless the contract clearly expresses such an obligation in unequivocal terms.

We find that appellant was not entitled to indemnity and overrule his first point of error.

Appellant asserts that the crux of his appeal is contained in its first point. Appellant has settled with Garcia, appellee's employee. Because of our disposition of the first point, we need not address Royal's second point.

The judgment of the trial court is AFFIRMED.