■ MILTON SUMNER, Appellant, v FCE INDUSTRIES, LTD., et al., Respondents, et al., Defendant. [764 NYS2d 113] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R.E. Rivera, J.), dated April 10, 2002, as granted that branch of the motion of the defendant Brooklyn Navy Yard Development Corp. which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against it, granted the cross motion of the defendant FCE Industries, Ltd., for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of the plaintiff's cross motion which was for summary judgment against the defendants on the cause of action based on Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On December 15, 1997, the plaintiff, Milton Sumner, was

working as a welder for the defendant FCE Industries, Ltd. (hereinafter FCE), on the M/V Cape Johnson, a ship in dry dock at the Brooklyn Navy Yard. He suffered multiple burns when sparks from his welding caused his clothing to ignite. Sumner commenced this action to recover damages for his injuries against, among others, the Brooklyn Navy Yard Development Corp. (hereinafter the BNYDC) a not-for-profit entity which leased the navy yard from the City of New York pursuant to a long-term lease, FCE, the ship repair contractor, and GMD Enterprises Corp. (hereinafter GMD), which leased the subject dry dock from the BNYDC and subleased it to FCE.

We agree with the Supreme Court that any action by Sumner against FCE was barred by the Federal Longshoremen's and Harbor Workers' Compensation Act (hereinafter the LHWCA) because FCE provided insurance for the payment of LHWCA benefits to Sumner (*see* 33 USC §§ 904, 905, 935; *Jefferson v S. S. Bonny Tide,* 281 F Supp 884, 885 [1968]). In addition, the Supreme Court properly granted that branch of the motion of the BNYDC which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it because BNYDC established that it, an out-of-possession sublandlord, did not have the right to control the work by FCE employees on the M/V Cape Johnson (*see Crespo v Triad, Inc.,* 294 AD2d 145, 147 [2002]). The Supreme Court properly denied that branch of Sumner's cross motion which was for summary judgment against GMD because there are questions of fact as to whether GMD and FCE were so closely related that GMD could be deemed to have had the right to control Sumner's work.

Sumner's remaining contentions either are academic in light of the foregoing or without merit. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.