United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 03-41229
Summary Calendar

———————————————

ROGER EAST, JR.,                                        Plaintiff,

versus

PREMIER, INC., ET AL.,                                 Defendants,

R&B FALCON DRILLING USA, INC.,           Defendant-Cross Claimant-Appellant,

LLOG EXPLORATION OFFSHORE., INC.,     Defendant-Cross Defendant-Appellee.

———————————————————————————

Appeals from the United States District Court
for the Southern District of Texas
(USDC No. G-02-217)

———————————————————————————

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

  The Defendant-Cross Claimant-Appellant, R&B Falcon Drilling USA, Inc. ("R&B"), appeals

the district court's denial of its motion for summary judgment which sought indemnification, pursuant

to a Daywork Drilling Contract (the "Contract") between R&B and Defendant-Cross Defendant-

Appellee, LLOG Exploration Offshore, Inc. ("LLOG"), for amounts paid to Plaintiff, Roger East,

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jr. ("East"), in settlement of a personal injury suit. R&B also appeals the district court's grant of LLOG's motion for summary judgment finding that LLOG did not owe a duty to indemnify R&B under the terms of the Contract. Based on the reasons enunciated below, we reverse the district court's denial of R&B's motion for summary judgment as well as reverse its grant of LLOG's motion for summary judgment.

## DISCUSSION

### I.     Facts & Procedural History

East brought an action against Defendants, Premier, Inc. ("Premier"), LLOG and R&B, seeking recovery for personal injuries he allegedly sustained while working aboard the RBF 254, a mobile offshore drilling unit owned and operated by R&B. East settled his claims against all the Defendants and the district court dismissed that portion of the case. Under the terms of the settlement East was paid $10,000 from Premier, $127,500 from R&B and $127,500 from LLOG. R&B then filed a cross-claim seeking summary judgment against LLOG for defense and indemnification asserting that, pursuant to the terms of the Contract, LLOG was obligated to reimburse R&B for the $127,500 it had paid East. LLOG filed a competing motion for summary judgment asserting that it owed no duty to indemnify under the terms of the Contract. The district court initially found that the Contract was ambiguous and, considering evidence beyond the language of the Contract itself, determined that the parties did not intend that LLOG would be liable to indemnify R&B for claims arising from the latter's own negligence. R&B now appeals these determinations by the district court.

### II.     Standard of Review

This Court reviews the district court's grant of summary judgment *de novo*, applying the same standard on appeal that is applied by the district court. Lycon Inc. v. Juenke, 250 F.3d 285, 287 (5th Cir.), *cert denied,* 534 U.S. 892 (2001). "Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). Contract interpretation, including the question of whether a contract is ambiguous, is a question of law subject to *de novo* review. Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc., 334 F.3d 423, 428 (5th Cir. 2003). A contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation. Reliant Energy Services, Inc. v. Enron Canada Corp., 2003 WL 22439846, *3 (5th Cir. 2003); Heritage Resources, Inc. v. Nationsbank, 939 S.W.2d 118, 121 (Tex. 1996). If any ambiguity exists in a contract, "a fact issue remains regarding the parties' intent," thus precluding a grant of summary judgment. Instone Travel, 334 F.3d at 431.

III.    Analysis

R&B and LLOG agree that, pursuant to its terms, the district court was correct in finding that the Contract is controlled by general maritime law.[1]  R&B does not dispute that East's injuries were

---

[1] The district court stated that mobile offshore drilling units, such as the RBF 254, are vessels (citing Offshore Co. v. Robison, 266 F.2d 769, 779 (5th Cir. 1959)), and contracts for offshore drilling involving these vessels are maritime contracts (citing Lewis v. Glendel Drilling Co., 898 F.2d 1083, 1086 (5th Cir. 1990)).

caused by its own negligence. It is also undisputed that East was an invitee of LLOG. The only disputed item in this appeal is whether LLOG owed a duty to indemnify R&B under the Contract for East's personal injury suit.

The district court correctly held that, under general maritime law, indemnification for an indemnitee's own negligence must be "clearly and unequivocally expressed." Seal Offshore, Inc. v. American Standard, Inc., 736 F.2d 1078, 1081 (5th Cir. 1984). However, as the district court also correctly noted, general maritime law has not adopted the "express negligence test," which requires an indemnity provision to expressly state whether a party is to be indemnified for its own negligence. Theriot v. Bay Drilling Corp., 783 F.2d 527, 540-41 (5th Cir. 1986). Under general maritime law, a court may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous. Corbitt v. Diamond M. Drilling Co., 654 F.2d 329, 333 (5th Cir. 1981). The question this court must ask, therefore, is whether the language of the Contract as written, "clearly and unequivocally" provides that LLOG will be liable to R&B for injuries to an LLOG invitee, even when such injuries are caused by R&B's own negligence.

A duty to indemnify in a given situation will exist if the parties' intention for a particular indemnification can reasonably be inferred from the language of a contract, even in the absence of an express provision. Corbitt, 654 F.2d at 333. The district court found that it could not reasonably infer that the parties intended LLOG to indemnify R&B for injuries, caused by R&B's own negligence, to an LLOG invitee. Thus, the district court held that the Contract was ambiguous.

However, the language of the liability provisions of Article IX in the Contract, in particular Paragraphs 904 and 910, unambiguously provides that indemnity does exist for the situation here. Paragraph 904 of the Contract provides:

4

Operator [LLOG as provided by the Contract] shall be responsible for all claims, demands, and causes of action of every kind and character arising in connection herewith in favor of Operator's Personnel or *Operator's invitees*, on account of bodily injury, death or damage to property (emphasis added).

While, the language of Paragraph 910 states the following:

. . . It is the intention of the parties hereto that the provisions of this Article IX and Paragraphs 606 and 607 shall exclusively govern the allocation of risks and liabilities of said parties *without regard to cause* (as more particularly specified in Paragraph 910) . . . (emphasis added).

The district court may be correct in noting that the language in parentheses in Paragraph 910 is unclear because it does not list any particularly specified situations. However, the previous phrase in Paragraph 910, "without regard to cause," clearly provides that liability for claims is to be allocated according to the particular paragraphs without regard to the cause of such claims. Additionally, Paragraph 904 clearly provides that LLOG will be responsible for all claims arising from injuries to its own invitees. As R&B notes in its brief, when looking at Article IX in its entirety, it becomes clear that the parties identified when each would be liable for differing situations and events that may occur during the life of the Contract, regardless of the cause.

This court has held that, in determining whether or not a contract is ambiguous, our primary concern is to give effect to the *written expression* of the parties' intent. Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc., 334 F.3d 423, 428 (5th Cir. 2003) (emphasis added). In doing so, we are required to read all parts of a contract together to ascertain the agreement of the parties, while ensuring that *each provision of the contract is given effect and none are rendered meaningless*. Id. (Emphasis added.) The controlling language in Paragraph 910 "without regard to cause," undermines the district court's conclusion that an ambiguity exists

5

regarding whether it can be reasonably inferred that the parties intended that LLOG would be liable to indemnify R&B for injury to an LLOG invitee caused by R&B's own negligence. Corbitt, 654 F.2d at 333.

As noted above, general maritime law does not require an express statement that an indemnitee will be entitled to indemnification for its own negligence in order for a contract to provide such indemnification. Theriot, 783 F.2d at 540-41. Fifth Circuit maritime cases have also held that simply adding an "any and all" provision alone will not work to indemnify an indemnitee for its own negligence. See e.g. Seal Offshore, Inc. v. American Standard, Inc., 736 F.2d at 1081 (citing Mott v. ODECO, 577 F.2d 273 (5th Cir. 1978), cert. denied, 440 U.S. 912 (1979) and Brown v. Seaboard Coast Line R.R. Co., 554 F.2d 1299, 1302 n.3 (5th Cir. 1977)). The question we must answer then is whether the phrase "without regard to cause" satisfies the "clear and unequivocal" test. In Theriot, we held that the phrase "without regard to the cause or causes thereof or the negligence of any party" satisfied the clear and unequivocal test. 783 F.2d at 540. We rejected the appellee's argument that a prior holding of ours in Chevron Oil Co. v. E.D. Walton Construction Co., 517 F.2d 1119, 1122 (5th Cir. 1975), precluded such a finding. 783 F.2d at 540. We stated that in Chevron, the phrase at issue "irrespective of negligence," failed to specify to whom it referred; while in Theriot, the phrase "without regard to" was followed by the phrase "the negligence of any party." Id.

Here, the Contract's provisions in Paragraphs 904 and 910 provide that LLOG "shall be responsible for all . . . causes of action of every kind . . . arising in connection herewith . . . of . . . Operator's invitees on account of bodily injury . . . without regard to cause." The language at issue here more closely resembles the language in Theriot than in Chevron, while satisfying the concerns raised in the former. For example, the phrase "responsible for . . . all causes of action . . . arising

6

in connection [with] . . . Operator's invitees on account of bodily injury" addresses the concern of what specific type of cause action is to be covered, such as injury due to negligence, while the phrase "without regard to cause" addresses the concern of identifying whom the previous language is to apply; here, neither the Operator, nor the Contractor.[2]   Additionally, the entire Article IX sets forth specific causes of action relating to specific individual's, property or events, i.e. "Contractors' Personnel," Paragraph 903; "Operator's Personnel," Paragraph 904; "Debris Removal and Cost of Control," Paragraph 906; and "Underground Damage," Paragraph 907, and specifies who is to be responsible for the actions arising under those paragraphs. In Chevron there was no language in the contract setting forth which party would be responsible for specific causes of action, but simply included an "any and all" clause. 517 F.2d at 1121. Moreover, perhaps an even more significant difference between Theriot and Chevron was the fact that the latter was not a maritime case, thus applying Texas law, and clearly based its decision on an implicit application of the "express negligence test." Id. ("Texas courts indicate an increasingly stricter application of the clear and unequivocal rule and have progressed toward the so-called 'express negligence' rule as near as judicially possible without adopting it.")

Finally, requiring a statement that included the phraseology "LLOG will indemnify R&B for its own negligence" would in effect be applying the "express negligence test," which, as the district court acknowledged, has not been adopted by general maritime law. Theriot, 783 F.2d at 540-41. Therefore, we hold that the district court erred in finding the Contract ambiguous. We also find that the district court erred in looking beyond the language of the Contract when it considered extrinsic

---

[2] It is helpful to note that BLACK'S LAW DICTIONARY defines "cause" as follows:

Something that causes an effect or result < the cause of the accident >.

evidence. Because no other issues remain, we also hold that the district court erred in denying R&B summary judgment and in granting LLOG summary judgment.

## CONCLUSION

Because we find that the district court erred in determining that the Contract was ambiguous, and in finding, based on extrinsic evidence, that LLOG was not obliged to indemnify R&B for the underlying claim at issue here, we REVERSE the district court's denial of R&B's motion for summary judgment and also REVERSE its grant of LLOG's motion for summary judgment.