■ DANIEL DURANDO et al., Respondents-Appellants, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant. CHAMPION CONSTRUCTION CORP., Doing Business as CHAMPION SCAFFOLD, Third-Party Defendant-Respondent-Appellant. [963 NYS2d 670]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs, City of New York, GMD Enterprises Corp., GMD Shipyard Corp., and Brooklyn Navy Yard Development Corporation, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 5, 2011, as (a) granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a

violation of Labor Law § 240 (1) insofar as asserted against the defendant third-party plaintiff City of New York, (b) denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the defendant third-party plaintiff City of New York, (c) denied that branch of their cross motion which was for summary judgment on the third-party cause of action of the defendant third-party plaintiff City of New York for common-law indemnification and contribution against the third-party defendant; the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as (a) granted that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff GMD Enterprises Corp., (b) granted that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6) insofar as asserted against the defendant third-party plaintiff GMD Shipyard Corp., and (c) denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant third-party plaintiff GMD Shipyard Corp.; and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification asserted by the defendant third-party plaintiff GMD Shipyard Corp. against it.

Ordered that the appeals by the defendants third-party plaintiffs GMD Enterprises Corp., GMD Shipyard Corp., and Brooklyn Navy Yard Development Corporation are dismissed, without costs or disbursements, because they are not aggrieved by the order appealed from, since the Supreme Court has directed the dismissal of the matter as to them (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant third-party plaintiff City of New York, and insofar as cross-appealed from, without costs or disbursements.

The plaintiff Daniel Durando was working as a scaffolding installer and remover for the third-party defendant, Champion Construction Corp., doing business as Champion Scaffold (hereinafter Champion), on the SS Chemical Pioneer, a ship in dry dock for repairs at the Brooklyn Navy Yard. He allegedly

sustained injures when he fell through an improperly covered opening in the floor, or deck, of one of the ship's cargo holds. Daniel Durando, and his wife Ariana Durando suing derivatively, commenced this action to recover damages, inter alia, for his injuries against, among others, the defendant third-party plaintiff City of New York, the fee owner of the land on which the dry dock is situated; the defendant third-party plaintiff Brooklyn Navy Yard Development Corp. (hereinafter the BNYDC), a not-for-profit entity which leased the navy yard from the City pursuant to a long-term lease; the defendant third-party plaintiff GMD Shipyard Corp. (hereinafter GMD Shipyard), the ship repair contractor; and the defendant third-party plaintiff GMD Enterprises Corp. (hereinafter GMD Enterprises), which leased the subject dry dock from the BNYDC and subleased it to GMD Shipyard. The defendants third-party plaintiffs commenced a third-party action against Champion seeking, inter alia, contribution and indemnification.

The plaintiffs moved for summary judgment on several of their causes of action. The defendants third-party plaintiffs cross-moved for summary judgment dismissing the complaint on various grounds, and for summary judgment on their third-party causes of action for indemnification and contribution. The third-party defendant, Champion, moved for summary judgment dismissing the third-party complaint.

As pertinent to this appeal, in the order appealed from, the Supreme Court, inter alia, (1) directed the dismissal of all causes of action except for the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the City; (2) awarded summary judgment to the plaintiffs on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the City; (3) directed the dismissal of the third-party causes of action for common-law indemnification and contribution; and (4) awarded summary judgment to GMD Shipyard on its third-party cause of action for contractual indemnification.

The defendants third-party plaintiffs appeal, and the plaintiffs and Champion cross-appeal.

Federal judicial power "shall extend . . . to all Cases of admiralty and maritime Jurisdiction" (US Const, art III, § 2, cl 1). However, federal court jurisdiction over such cases "has never been entirely exclusive" (*American Dredging Co. v Miller*, 510 US 443, 446 [1994]), and the exercise of admiralty jurisdiction "does not result in automatic displacement of state law" (*Jerome B. Grubart, Inc. v Great Lakes Dredge & Dock Co.*, 513 US 527, 545-546 [1995]; *see Yamaha Motor Corp., U.S.A. v Calhoun*, 516 US 199, 206 [1996]).

With respect to maritime torts, a state "may modify or supplement the maritime law by creating liability which a court of admiralty will recognize and enforce when the state action is not hostile to the characteristic features of the maritime law or inconsistent with federal legislation" (*Just v Chambers*, 312 US 383, 388 [1941]; *see Yamaha Motor Corp., U.S.A. v Calhoun*, 516 US at 206; *American Dredging Co. v Miller*, 510 US at 447; *Becker v Poling Transp. Corp.*, 356 F3d 381, 388 [2004]).

Here, there is no real dispute that the present action falls within federal maritime jurisdiction (*see Jerome B. Grubart, Inc. v Great Lakes Dredge & Dock Co.*, 513 US at 534; *Cammon v City of New York*, 95 NY2d 583 [2000]; *McDonald v City of New York*, 231 AD2d 556, 556-557 [1996]). Contrary to the contention of the defendants third-party plaintiffs, however, the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) are not preempted by general maritime law. Under the circumstances of this case, the application of Labor Law §§ 240 (1) and 241 (6), which are local regulations enacted to protect the health and safety of workers in this state, will not unduly interfere with a fundamental characteristic of maritime law or the free flow of maritime commerce (*see Grant Smith-Porter Ship Co. v Rohde*, 257 US 469, 473, 476 [1922]; *Western Fuel Co. v Garcia*, 257 US 233, 239, 242 [1921]; *Cammon v City of New York*, 95 NY2d at 583; *Sweeney v City of New York*, 4 Misc 3d 834, 848 [2004]; *see also Lee v Astoria Generating Co., L.P.*, 13 NY3d 382 [2009]; *cf. Olsen v James Miller Mar. Serv., Inc.*, 16 AD3d 169 [2005]). Accordingly, the Supreme Court properly denied that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment dismissing those causes of action insofar as asserted against the City.

Furthermore, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the City. The plaintiffs established their prima facie entitlement to judgment as a matter of law by showing that there was a failure to provide a proper safety device to prevent the injured plaintiff from falling through a hole in the deck of the ship's cargo hold (*see Lardaro v New York City Bldrs. Group*, 271 AD2d 574, 576 [2000]; *Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234 [1997]). In opposition, the defendants failed to raise a triable issue of fact.

We agree with the Supreme Court that any action by the plaintiffs against GMD Shipyard was barred by the Federal Longshore and Harbor Workers' Compensation Act (hereinafter

the LHWCA) because GMD Shipyard provided insurance coverage for the payment of LHWCA benefits to the injured plaintiff (*see* 33 USC §§ 904, 905, 935; *Jefferson v S. S. Bonny Tide,* 281 F Supp 884, 885 [1968]; *Sumner v FCE Indus.*, 308 AD2d 440, 441 [2003]; *cf. Triguero v Consolidated Rail Corp.,* 932 F2d 95, 98 [1991]). Accordingly, the Supreme Court properly granted that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint insofar as asserted against GMD Shipyard.

In addition, the Supreme Court properly granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint insofar as asserted against GMD Enterprises. The defendants third-party plaintiffs established prima facie that GMD Enterprises, the functional equivalent of an out-of-possession landlord, did not have the right to control the work of GMD Shipyard, the ship repair contractor, or Champion, a scaffolding subcontractor working on the SS Chemical Pioneer (*see Lombardi v Stout,* 80 NY2d 290, 294 [1992]; *Sumner v FCE Indus.*, 308 AD2d at 441; *cf. Walls v Turner Constr. Co.,* 4 NY3d 861, 864 [2005]; *Guclu v 900 Eighth Ave. Condominium, LLC,* 81 AD3d 592, 593 [2011]; *Domino v Professional Consulting, Inc.*, 57 AD3d 713, 714-715 [2008]). Contrary to their contention, the plaintiffs failed to raise a triable issue of fact as to whether GMD Enterprise and GMD Shipyard were so closely related that GMD Enterprise could be deemed to have had the right to control GMD Shipyard's ship repair work (*see Figueiredo v New Palace Painters Supply Co. Inc.,* 39 AD3d 363, 364 [2007]).

With respect to the third-party action, the Supreme Court properly determined that the City's third-party cause of action for common-law indemnification and contribution against Champion, the injured plaintiff's employer, was barred by Workers' Compensation Law § 11 (*see Ibarra v Equipment Control,* 268 AD2d 13, 17 [2000]). Contrary to the City's contention, the Supreme Court properly determined that the bar imposed by Workers' Compensation Law § 11 was not preempted by general maritime law. Here, the City's liability to the plaintiffs is governed by State law rather than Federal maritime law. Therefore, the City's third-party cause of action for common-law indemnification and contribution is also governed by State law (*see Hardy v Gulf Oil Corp.,* 949 F2d 826, 829 [1992]; *General Contr. & Trading Co., LLC v Interpole, Inc.,* 899 F2d 109, 113 [1990]; *Marathon Pipe Line Co. v Drilling Rig ROWAN/ODESSA,* 761 F2d 229, 235 [1985]; *Complaint of Kreta Shipping, S.A.,* 1 F Supp 2d 282, 291 [1998]; *Swogger v Waterman*

*S.S. Corp.*, 151 AD2d 100, 109 [1989]). Accordingly, Champion was entitled to summary judgment dismissing the City's third-party cause of action for common-law indemnification and contribution.

The Supreme Court properly awarded summary judgment to GMD Shipyard on its third-party cause of action for contractual indemnification. Here, Champion and GMD Shipyard entered into an indemnification agreement which, by its clear and unequivocal language, provided for indemnification of GMD Shipyard regardless of its own negligence. Contrary to Champion's contention, the Supreme Court properly determined that the agreement between GMD Shipyard and Champion was a maritime contract (*see Exxon Corp. v Central Gulf Lines, Inc.*, 500 US 603, 611 [1991]; *North Pacific S.S. Co. v Hall Brothers Marine Railway & Shipbuilding Co.*, 249 US 119, 128 [1919]; *Folksamerica Reins. Co. v Clean Water of N.Y., Inc.*, 413 F3d 307, 312 [2005]), and that the issue of contractual indemnification is governed by general maritime law, rather than State law (*see Norfolk Southern R. Co. v James N. Kirby, Pty Ltd.*, 543 US 14, 24 [2004]; *Hoda v Rowan Cos., Inc.*, 419 F3d 379, 380 [2005]; *Theriot v Bay Drilling Corp.*, 783 F2d 527, 540 [1986]). Under general maritime law, an indemnification agreement is enforceable even if full enforcement thereof would result in a contractor—like GMD Shipyard—being indemnified for its own negligence, so long as the language of the agreement clearly and unequivocally reflects such an intention (*see United States v Seckinger*, 397 US 203, 211-212 [1970]; *East v Premier, Inc.*, 98 Fed Appx 317, 319 [5th Cir 2004]; *Theriot v Bay Drilling Corp.*, 783 F2d at 540). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.