■ RAMON MORALES, Respondent, v HAPAG-LLOYD AKTIENG-ESELLSCHAFT (AMERICA) et al., Defendants, HAPAG-LLOYD AK-TIENGESELLSCHAFT, Respondent, and NEW YORK CONTAINER TER-MINAL, LLC, Appellant. [21 NYS3d 316]—

In a consolidated action to recover damages for personal injuries, the defendant New York Container Terminal, LLC, appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated December 10, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted the cross motion of the defendant Hapag-Lloyd Aktiengesellschaft for leave to serve an amended answer to assert cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant New York Container Terminal, LLC, for summary judgment dismissing the complaint insofar as asserted against it is granted, and the cross motion of the defendant Hapag-Lloyd Aktiengesellschaft for leave to serve an amended answer to assert cross claims against the defendant New York Container Terminal, LLC, is denied.

The plaintiff was working on a vessel owned and operated by the defendant Hapag-Lloyd Aktiengesellschaft (hereinafter Hapag-Lloyd) that was docked in Staten Island. He allegedly sustained injuries when an employee of the defendant New York Container Terminal, LLC (hereinafter NYCT), while operating a crane, lowered a cargo container on him. In this consolidated action the plaintiff seeks to recover damages for personal injuries against, among others, NYCT and Hapag-Lloyd. The Supreme Court denied NYCT's motion for summary judgment dismissing the complaint insofar as asserted against it and granted Hapag-Lloyd's cross motion for leave to file an amended answer to assert cross claims against NYCT.

NYCT established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The evidence demonstrated that any action against NYCT in relation to the plaintiff's accident was barred by the Federal Longshore and Harbor Workers' Compensation Act (hereinafter the LHWCA) because NYCT provided insurance coverage for the payment of LHWCA benefits to the plaintiff (*see* 33 USC §§ 901-950; *Durando v City of New York*, 105 AD3d 692, 695-696 [2013]; *Sumner v FCE Indus.*, 308 AD2d 440, 440-441 [2003]; *see also Stewart v Dutra Constr. Co.*, 543 US 481, 488 [2005]; *Triguero v Consolidated Rail Corp.*, 932 F2d 95, 98 [2d Cir 1991]). Moreover, NYCT provided sufficient evidence that it was the alter ego of the plaintiff's employer (*cf. Batts v IBEX Constr., LLC*, 112 AD3d 765, 767 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

"[O]nce an employer fulfills its obligations under the [LHWCA] by paying out benefits to the injured LHWCA employee, further tort-based contribution from the employer is foreclosed" (*Triguero v Consolidated Rail Corp.*, 932 F2d at 98). Therefore, Hapag-Lloyd cannot maintain contribution or contractual indemnification claims against NYCT (*see id.*; 33 USC § 905 [b]) and Hapag-Lloyd's proposed cross claims against NYCT would be palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Putnam County Sav. Bank v Aditya*, 91 AD3d 840, 841 [2012]; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]).

Accordingly, the Supreme Court should have granted NYCT's motion for summary judgment dismissing the complaint insofar as asserted against it and denied Hapag-Lloyd's cross motion for leave to file an amended answer to assert cross claims against NYCT. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.