■ ARMANDO TORRES, Plaintiff, v LPE LAND DEVELOPMENT & CONSTRUCTION, INC., Defendant, TRADES CONSTRUCTION SERVICES CORP., Appellant, and D & SONS CONSTRUCTION CORP., Respondent. (And Third-Party Actions.) [863 NYS2d 477]—

In an action to recover damages for personal injuries, the defendant Trades Construction Services Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated March 14, 2007, as denied its cross motion for summary judgment on its cross claim for contractual indemnification against the defendant D & Sons Construction Corp., and granted that branch of the cross motion of the defendant D & Sons Construction Corp. which was for summary judgment dismissing the cross claims asserted by it against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, allegedly injured when he fell from a scaffold, sought to recover damages pursuant to Labor Law §§ 200, 240 (1) and § 241 (6) for the injuries he sustained in the accident against the owner of the property, LPE Land Development & Construction Inc., the general contractor, Trades Construction Services Corp. (hereinafter Trades), and subcontractor D & Sons Construction Corp. (hereinafter D & Sons). Trades cross-claimed against D & Sons for contractual and common-law indemnification.

D & Sons cross-moved, inter alia, for summary judgment dismissing the cross claims asserted against it by Trades on the grounds, inter alia, that it did not control the plaintiff's injury-producing activity and that Trades was not entitled to indemnification. Trades opposed the cross motion, alleging that questions of fact existed as to the extent of D & Sons' control, and cross-moved for summary judgment on its cross claim for contractual indemnification against D & Sons. In a single order, the Supreme Court granted that branch of D & Sons' cross motion which was for summary judgment dismissing Trades' cross claims and denied Trades' cross motion. We affirm the order insofar as appealed from.

To hold a subcontractor liable as a statutory agent for violations of Labor Law § 240 (1) or section 241 (6), there must be a showing that the party "had the authority to supervise and control the work giving rise to these duties" (*Kehoe v Segal,* 272 AD2d 583, 584 [2000]; *see Russin v Louis N. Picciano & Son,* 54 NY2d 311 [1981]). D & Sons established its entitlement to judgment as a matter of law with respect to Trades' cross claim for common-law indemnification by establishing that it did not have authority to control the plaintiff's injury-producing work. In opposition, Trades failed to raise a triable issue of fact as to whether D & Sons had any authority over the plaintiff's work on the project, other than to provide an estimate, hire a

subcontractor, and supply siding. Accordingly, the Supreme Court properly granted that branch of D & Sons' cross motion which was for summary judgment dismissing Trades' cross claim for common-law indemnification.

A party is entitled to contractual indemnification when the intention to indemnify is "clearly implied from the language and purposes of the entire agreement and the surrounding circumstances" (*Canela v TLH 140 Perry St., LLC,* 47 AD3d 743, 744 [2008]). Here, Trades failed to demonstrate the legitimacy of a purported agreement which was undated and did not specify the party to be indemnified, the work to be done, or the location of the work; nor did Trades demonstrate, from the surrounding circumstances, the existence of an ongoing relationship in which D & Sons had agreed to indemnify Trades. Since Trades failed to establish its entitlement to judgment as a matter of law in connection with its cross claim for contractual indemnification, the Supreme Court properly denied its cross motion for summary judgment on that cross claim. Moreover, since D & Sons established its entitlement to judgment as a matter of law on this issue, and Trades failed to raise a triable issue of fact in opposition, the Supreme Court properly granted that branch of D & Sons' cross motion which was for summary judgment dismissing Trades' cross claim for contractual indemnification.

Trades' remaining contention is without merit. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.