■ JOHN VAN BLERKOM, Appellant, v AMERICA PAINTING, LLC, Respondent. [992 NYS2d 52]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or-

der of the Supreme Court, Queens County (Rosengarten, J.), entered November 12, 2013, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted, and those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) are denied.

The plaintiff allegedly sustained injuries when he fell from a scaffold while performing electrical installation work on an apartment renovation project. The scaffold was supplied by the defendant painting subcontractor, pursuant to its own agreement with the general contractor. The plaintiff commenced this action against the defendant, alleging that it was a statutory agent of the general contractor and that he was caused to fall due to the allegedly defective condition of the defendant's scaffold. The Supreme Court denied the plaintiff's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) on the sole ground proffered by the defendant— that the defendant was not a statutory agent of the general contractor under the Labor Law. The defendant did not deny that it supplied the scaffold in the defective condition, as alleged by the plaintiff, and that its alleged violation of Labor Law § 240 (1) was a proximate cause of the plaintiff's injuries.

To hold a defendant liable as an agent of the general contractor for violations of Labor Law §§ 240 (1) and 241 (6), there must be a showing that it had the authority to supervise and control the work (see Temperino v DRA, Inc., 75 AD3d 543, 544-545 [2010]; Torres v LPE Land Dev. & Constr., Inc., 54 AD3d 668, 669 [2008]; Kehoe v Segal, 272 AD2d 583, 584 [2000]). "The determinative factor is whether the party had the right to exercise control over the work, not whether it actually exercised that right" (Bakhtadze v Riddle, 56 AD3d 589, 590 [2008] [internal quotation marks and citations omitted]). Where the owner or general contractor does in fact delegate the duty to conform to the requirements of the Labor Law to a third-party

subcontractor, the subcontractor becomes the statutory agent of the owner or general contractor (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]).

In the instant case, the defendant's owner testified at his deposition that, pursuant to his agreement with the general contractor, he supplied the subject scaffold to be used by the defendant as well as the plaintiff. He also testified that, prior to the accident, he asked the general contractor for the authority to supervise and control the plaintiff's use of the subject scaffold, to which the general contractor responded in the affirmative. Thus, the plaintiff established as a matter of law that the defendant had the authority to supervise and control the work and was the statutory agent of the general contractor (*see Inga v EBS N. Hills, LLC*, 69 AD3d 568 [2010]; *Bakhtadze v Riddle*, 56 AD3d at 590).

In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact regarding, inter alia, its supervision and control of the work giving rise to the plaintiff's injuries (*see Inga v EBS N. Hills, LLC*, 69 AD3d 568 [2010]; *Bakhtadze v Riddle*, 56 AD3d at 591; *Miller v Yeshiva Zichron Mayir Gedola*, 44 AD3d 1017, 1018 [2007]). Accordingly, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) should have been granted, and those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) denied. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.