■ Victor Marquez, Respondent, v L & M Development Partners, Inc., Defendant, 11 Broadway Owner, LLC, et al., Defendants/Third-Party Plaintiffs, Pro Safety Services, LLC, Defendant/Third-Party Defendant/Second Third-Party Plaintiff-Appellant, and 11 Broadway Affordable Residential, LLC, et al., Defendants/Second Third-Party Defendants-Respondents. [35 NYS3d 700]—

In a consolidated action to recover damages for personal injuries, the defendant/third-party defendant/second third-party plaintiff, Pro Safety Services, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated May 1, 2014, as denied those branches of its motion which were for summary judgment (a) dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence insofar as asserted against it, (b) dismissing the cross claims, counterclaims, and third-party causes of action asserted against it for contribution, common-law indemnification, and contractual indemnification, and on its cross claims and second third-party causes of action against the defendants/second-third party defendants, 11 Broadway Affordable Residential, LLC, and 11 Broadway Residential, LLC,

for contribution and common-law indemnification, and to recover damages for the failure of the defendants/second-third party defendants to use commercially reasonable efforts to cause the defendant/third-party plaintiff Congress Builders and its subcontractors to name Pro Safety Services, LLC, as an additional insured on certain liability insurance policies.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the appellant's motion which were for summary judgment dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence insofar as asserted against it, and dismissing the cross claims, counterclaims, and third-party causes of action asserted against it for contribution and common-law indemnification, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provisions thereof denying those branches of the appellant's motion which were for summary judgment on its cross claim and second third-party cause of action against the defendants/second third-party defendants, 11 Broadway Affordable Residential, LLC, and 11 Broadway Residential, LLC, for contribution and common-law indemnification, and substituting therefor provisions denying those branches of the motion as academic; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The complaint alleges that the plaintiff was injured while working as a laborer for a nonparty subcontractor at a construction site owned, developed, or managed by 11 Broadway Owner, LLC, 11 Broadway HIP LIB Housing Develop (hereinafter 11 Broadway Develop), 11 Broadway Affordable Residential, LLC (hereinafter 11 Broadway Affordable), and 11 Broadway Residential, LLC (hereinafter 11 Broadway Residential) (hereinafter collectively the owners). The plaintiff allegedly was injured when he fell one story through a plywood-covered hole in the floor of a ramp. The general contractor at the construction site was Congress Builders. 11 Broadway Affordable and 11 Broadway Residential had entered into a contract with the appellant, Pro Safety Services, LLC (hereinafter PSS), wherein PSS agreed to provide "loss control and safety consulting services" at the work site (hereinafter the consultant agreement).

The plaintiff commenced two actions, which were later consolidated, against the owners, Congress Builders, and PSS, alleging, inter alia, violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence. PSS, and 11 Broadway

Affordable and 11 Broadway Residential, asserted cross claims against each other for, among other things, indemnification and contribution. 11 Broadway Owner, 11 Broadway Develop, and Congress Builders commenced a third-party action against PSS for, inter alia, contribution, common-law indemnification, and contractual indemnification. PSS then commenced a second-third party action against 11 Broadway Affordable and 11 Broadway Residential for, among other things, contribution and common-law indemnification, and the failure to use commercially reasonable efforts to cause Congress Builders and its subcontractors to name PSS as an additional insured on their liability insurance policies. 11 Broadway Affordable and 11 Broadway Residential counterclaimed in the second third-party action for, inter alia, contribution, common-law indemnification, and contractual indemnification against PSS.

PSS moved, inter alia, for summary judgment dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence insofar as asserted against it, dismissing the cross claims, counterclaims, and the third-party causes of action asserted against it for contribution, common-law indemnification, and contractual indemnification, and for summary judgment on its cross claims and second third-party causes of action against 11 Broadway Affordable and 11 Broadway Residential for contribution and common-law indemnification, and to recover damages for the failure of 11 Broadway Affordable and 11 Broadway Residential to use commercially reasonable efforts to cause Congress Builders and its subcontractors to name PSS as an additional insured. PSS asserted that it was not liable under Labor Law §§ 200, 240 (1) and 241 (6), or for common-law negligence, because it was not an owner or a general contractor, or a statutory agent, of the owners or Congress Builders. PSS also argued that it was entitled to summary judgment dismissing the third-party causes of action, cross claims, and counterclaims asserted against it for indemnification and contribution, and that it was entitled to summary judgment on its cross claim and the second third-party cause of action for common-law indemnification and contribution, because it demonstrated that it was not negligent in connection with the plaintiff's accident, and that it did not have the authority to supervise, control, or direct the plaintiff's work. The Supreme Court denied the aforementioned branches of PSS's motion. PSS appeals.

To hold PSS liable as an agent of the owners or Congress Builders for violations of Labor Law §§ 240 (1) and 241 (6), there must be a showing that PSS had the authority to

supervise and control the work (*see Van Blerkom v America Painting, LLC,* 120 AD3d 660, 661 [2014]; *Bakhtadze v Riddle,* 56 AD3d 589, 590 [2008]; *Torres v LPE Land Dev. & Constr., Inc.,* 54 AD3d 668 [2008]). The determinative factor is whether the party had "the right to exercise control over the work, not whether it actually exercised that right" (*Williams v Dover Home Improvement,* 276 AD2d 626, 626 [2000]; *see Samaroo v Patmos Fifth Real Estate, Inc.,* 102 AD3d 944, 946 [2013]). Where the owner or general contractor delegates to a third party the duty to conform to the requirements of the Labor Law, that third party becomes the statutory agent of the owner or general contractor (*see Walls v Turner Constr. Co.,* 4 NY3d 861, 864 [2005]; *Bakhtadze v Riddle,* 56 AD3d at 590).

PSS made a prima facie showing of its entitlement to judgment as a matter of law dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against it. PSS submitted evidence demonstrating that its role at the work site was only one of general supervision, and that it did not have the authority to control the work performed or the safety precautions taken by the general contractor and the plaintiff's employer, which is insufficient to impose liability on a safety consultant under the Labor Law (*see Cappabianca v Skanska USA Bldg. Inc.,* 99 AD3d 139, 148 [2012]; *Linkowski v City of New York,* 33 AD3d 971, 975 [2006]; *Smith v McClier Corp.,* 22 AD3d 369, 371 [2005]). Under the consultant agreement, "PSS's loss control services [were] advisory only." The consultant agreement provided that "consultation, including any inspection or representational activity by PSS does not constitute any delegation to PSS or assumption by PSS of the direct and primary duty of [the owners] or any corporation or agency associations affiliated with [the owners] to be in compliance with any regulatory agency, law and/or regulation." The consultant agreement further stated that "PSS assumes no responsibility for management or control of the safety practices of [the owners] or its contractors nor for the implementation of proposed recommendations." Lastly, the owners acknowledged in the consultant agreement "that PSS has no control or supervision over the means or methods utilized by [the owners] or any subcontractors, any general contractor, any construction manager or owner at the work site to maintain a safe work site or to correct any safety hazards." The deposition testimony submitted in support of PSS's motion also demonstrated that PSS did not assume responsibility for the plaintiff's work, and did not engage in conduct that rose to the level of supervision or control necessary to hold it liable for the plaintiff's injuries (*see Hargrave v LeChase Constr. Servs., LLC,* 115 AD3d 1270,

1271 [2014]; *Myles v Claxton*, 115 AD3d 654 [2014]; *Rodriguez v JMB Architecture, LLC*, 82 AD3d 949, 951 [2011]; *Delahaye v Saint Anns School*, 40 AD3d 679, 683-684 [2007]; *Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 835 [2002]; cf. *Barrios v City of New York*, 75 AD3d 517, 518-519 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of PSS's motion which was for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against it.

For the same reasons, PSS established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Annicaro v Corporate Suites, Inc.*, 98 AD3d 542, 544 [2012]). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have 'authority to exercise supervision and control over the work' " (*Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010], quoting *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]). " 'A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed' " (*Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 676 [2013], quoting *Ortega v Puccia*, 57 AD3d 54, 62 [2008]). " '[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence' " (*Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2010], quoting *Gasques v State of New York*, 59 AD3d 666, 668 [2009], affd on other grounds 15 NY3d 869 [2010]; *see Torres v Perry St. Dev. Corp.*, 104 AD3d at 676; *Harrison v State of New York*, 88 AD3d 951, 954 [2011]). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a contractor may be liable under Labor Law § 200 " 'only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it' " (*Doto v Astoria Energy II, LLC*, 129 AD3d 660, 663 [2015], quoting *Martinez v City of New York*, 73 AD3d 993, 998 [2010]; *see Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701, 701-702 [2010]). Moreover, an entity is not deemed to be an

agent of an owner or contractor for purposes of Labor Law § 200 if it "lacked sufficient control over the premises and the activity that brought about the injury" (*Navarro v City of New York*, 75 AD3d 590, 592 [2010]; *see Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224-225 [2004]).

Where, as here, a plaintiff contends that an accident involves defects in both the premises and the manner in which the work was performed, a defendant moving for summary judgment dismissing a cause of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards (*see DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). PSS established, prima facie, that it did not have the authority to supervise or control the performance of the work (*see Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [2005]). PSS also established, prima facie, that it did not have control over the work site and did not create the alleged dangerous condition (*see Simon v Granite Bldg. 2, LLC*, 114 AD3d 749, 754 [2014]; *Thomas v Benton*, 112 AD3d 812, 812 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of PSS's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Since the Supreme Court granted those branches of PSS's motion which were for summary judgment dismissing the other causes of action in the complaint insofar as asserted against it, the complaint insofar as asserted against PSS must be dismissed in its entirety.

That branch of PSS's motion which was for summary judgment on its cross claim and the cause of action in the second third-party complaint for contribution and common-law indemnification is academic, in light of our determination that the complaint insofar as asserted against PSS must be dismissed in its entirety (*see Cardozo v Mayflower Ctr., Inc.*, 16 AD3d 536, 538-539 [2005]).

PSS established its prima facie entitlement to judgment as a matter of law dismissing the cross claims, counterclaims, and third-party causes of action asserted against it for contribution and common-law indemnification. " 'To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries' "

(*Guadalupi v Morelli*, 127 AD3d 1016, 1017 [2015], quoting *Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]). Here, the owners and Congress Builders did not allege that PSS owed them a duty of care independent of PSS's contractual obligations. PSS also established, prima facie, that it did not owe the injured plaintiff a duty of care (*see Bauerlein v Salvation Army*, 74 AD3d 851, 856 [2010]; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978 [2008]; *see also Raquet v Braun*, 90 NY2d 177, 183 [1997]). Any failure of PSS to properly perform its contractual obligations as a safety consultant did not establish that PSS "launched a force or instrument of harm" or cause the alleged defective condition so as to impose a duty of care upon it to the injured plaintiff (*see Bauerlein v Salvation Army*, 74 AD3d at 856; *Altinma v East 72nd Garage Corp.*, 54 AD3d at 980). Rather, the breach of such contractual duties would amount to a finding that it "failed to become 'an instrument for good,' which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party" (*Bauerlein v Salvation Army*, 74 AD3d at 856; *see Altinma v East 72nd Garage Corp.*, 54 AD3d at 980). Because PSS did not actually direct or supervise the injury-producing work, PSS also demonstrated its prima facie entitlement to judgment as a matter of law dismissing the common-law indemnification causes of action insofar as asserted against it (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]). In opposition, the owners and Congress Builders failed to raise a triable issue of fact on their contribution and common-law indemnification causes of action asserted against PSS. Accordingly, the Supreme Court should have granted that branch of PSS's motion which was for summary judgment dismissing the cross claims, counterclaim, and third-party cause of action asserted against it for contribution and common-law indemnification.

However, the Supreme Court properly denied that branch of PSS's motion which was for summary judgment dismissing the cross claim, counterclaim, and third-party cause of action for contractual indemnification asserted against it. Under the consultant agreement, PSS had a duty, inter alia, to recommend necessary action to correct substandard safety conditions, and the owners and Congress Builders were entitled to rely on PSS to make such recommendations. PSS failed to establish, prima facie, that it did not breach such contractual duty with respect to its recommendations to the owners and Congress Builders regarding the plywood cover and whether it was sufficient to safely cover the hole through which the plaintiff fell. Since PSS failed to meet its prima facie burden on this issue, it is not necessary to examine whether triable is-

sues of fact were raised in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied that branch of PSS's motion which was for summary judgment on its cross claim and the second cause of action in the second third-party complaint alleging that 11 Broadway Residential and 11 Broadway Affordable failed to use commercially reasonable efforts to cause PSS to be named as an additional insured on certain liability insurance policies. " 'A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with' " (*DiBuono v Abbey, LLC*, 83 AD3d 650, 652 [2011], quoting *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]). The consultant agreement only required 11 Broadway Residential and 11 Broadway Affordable to "use commercially reasonable efforts" to have PSS named as an additional insured on Congress Builders' and its subcontractors' liability insurance policies. PSS failed to submit any evidence to demonstrate that 11 Broadway Residential and 11 Broadway Affordable did not use commercially reasonable efforts to cause PSS to be named as an additional insured. Accordingly, in light of PSS's failure to make a prima facie showing of entitlement to judgment as a matter of law, the Supreme Court properly denied this branch of PSS's motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Chambers, J.P., Hall, Austin and Barros, JJ., concur.