CHERYL L. JOHNSEN, Respondent, v CITY OF NEW YORK et al., Defendants, B & H ENGINEERING, P.C., et al., Respondents, and MUNOZ ENGINEERING, P.C., et al., Appellants. [49 NYS3d 898]—

In an action to recover damages for personal injuries, the defendants Munoz Engineering, P.C., and Munoz Engineering & Land Surveying, P.C., appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 24, 2015, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff-respondent and the defendant-respondent B & H Engineering, P.C.

To hold the defendants Munoz Engineering, P.C., and Munoz Engineering & Land Surveying, P.C. (hereinafter together the Munoz defendants), liable as contractors or agents for violations of Labor Law §§ 240 (1) and 241 (6), there must be a showing that the Munoz defendants had the authority to supervise and control the work (see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 696-697 [2016]; Van Blerkom v America Painting, LLC, 120 AD3d 660, 661 [2014]; Bakhtadze v Riddle, 56 AD3d 589, 590 [2008]). The determinative factor is whether the party had "the right to exercise control over the work, not whether it actually exercised that right" (Williams v Dover Home Improvement, 276 AD2d 626, 626 [2000]; see Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944, 946 [2013]). Likewise, " '[t]o be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work' " (Marquez v L & M Dev. Partners, Inc., 141 AD3d at 698 [internal quotation marks omitted], quoting Rojas v Schwartz, 74 AD3d 1046, 1046 [2010]).

Here, the Munoz defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint and cross claims insofar as asserted against them. With respect to that branch of their motion which was for summary judgment dismissing so much of the complaint and cross claims as asserted causes of action against them arising from violations of Labor Law §§ 200, 240 (1), and 241

(6) on the grounds that they were not agents of the owners or contractors, and that they did not direct, supervise, or control the work of the contractors, they failed to establish that they were not agents for the purpose of the Labor Law, and that they had no authority to supervise and control the work. Similarly, the Munoz defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint and cross claims as asserted causes of action against them based upon common-law negligence and so much of the cross claims as sought to recover against them for contribution, indemnification, and breach of an obligation to procure insurance. Since the Munoz defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.