■ ANDREW BARONE, Respondent, v 1116 AVENUE H REALTY, LLC, Appellant. [57 NYS3d 201]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Edwards, J.), dated April 15, 2016, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 4, 2012, the plaintiff, a field technician employed by Verizon, was assigned to remove old cable from the exterior walls of a building located at 1116 Avenue H in Brooklyn (hereinafter the subject property). The subject property is a four-story building containing 27 apartments and is owned by the defendant. Verizon provided all of the tools and equipment needed to perform the assigned task. At approximately 11:30 a.m. on that date, the plaintiff was in the process of removing the cable while standing on the second rung from the top of an extension ladder when the ladder started to shake and lean to the left, causing him to fall and sustain injuries.

On or about June 13, 2013, the plaintiff commenced this action against the defendant, alleging common-law negligence and violations of Labor Law §§ 200, 240, 241, and 241-a. The defendant interposed an answer, and after discovery, moved for summary judgment dismissing the complaint. The plaintiff opposed the defendant's motion and cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The Supreme Court denied the motion and the cross motion. The defendant appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

The defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1). With respect to its argument that the plaintiff was not protected by Labor Law § 240 (1) since he was performing work at the subject property without its knowledge or consent, the defendant failed to eliminate all triable issues of fact as to why the plaintiff, a Verizon employee, was performing work on its property and whether a nexus existed between it and the plaintiff (*see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333 [2008]; *cf. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46 [2004]; *Churaman v C&B Elec., Plumbing & Heating, Inc.*, 142 AD3d 485 [2016]). The defendant's contention that Transportation Corporations Law § 27 applied here is not properly before this Court, as it was raised for the first time in its reply brief (*see Pontes v F&S Contr., LLC*, 146 AD3d 829, 830 [2017]).

With respect to the defendant's contention that the plaintiff was not engaged in an activity covered by Labor Law § 240 (1), it failed to offer any evidence that the plaintiff was performing merely routine maintenance as opposed to a repair or any other of the acts enumerated in Labor Law § 240 (1) (*see Goodwin v Dix Hills Jewish Ctr.*, 144 AD3d 744 [2016]; *Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc.*, 118 AD3d 524 [2014]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Johnsen v City of New York*, 149 AD3d 822 [2017]). Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.