Eliassian v G.F. Constr., Inc. (2018 NY Slip Op 05020)





Eliassian v G.F. Constr., Inc.


2018 NY Slip Op 05020


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-02572
 (Index No. 606443/15)

[*1]Dan Eliassian, respondent, 
v
G.F. Construction, Inc., appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Omrani & Taub, New York, NY (James Forde of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered February 10, 2017. The order, insofar as appealed from, inter alia, denied the defendant's motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the owner of property that includes a single-family home. In his capacity as president of Alliance Real Estate, Inc. (hereinafter Alliance), the plaintiff hired the defendant to perform excavation work to prepare for the addition of a room on the home. On June 21, 2014, the defendant had completed phase one of the project and was off-site. The plaintiff was on the site to inspect the work when he slipped on oil, which allegedly leaked from a defective hydraulic line of a backhoe that was brought onto the premises by the defendant and used by the defendant for its work.
The plaintiff commenced this action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240, and 241(6). After issue was joined, the defendant moved for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In support of its motion, the defendant's attorney submitted an affirmation claiming that the plaintiff was not "employed" at the site within the meaning of the Labor Law, and the defendant was not an owner, agent of an owner, or general contractor responsible for the work site pursuant to Labor Law §§ 240(1) and 241(6). In opposition, the plaintiff submitted a personal affidavit stating that he was on the site to inspect the progress of the work, not to supervise the work. The Supreme Court, inter alia, denied the defendant's motion for summary judgment.
Labor Law § 240(1) requires that persons "employed in," inter alia, the "alteration" of a building be provided with proper protective devices. Labor Law § 241(6) requires contractors and owners and their agents who are performing excavation work to comply with the provisions of the Industrial Code to protect "the persons employed therein or lawfully frequenting such places." "Employee" is defined in Labor Law § 2(5) as "a mechanic, workingman or laborer working for another for hire." A plaintiff who seeks to recover under Labor Law §§ 240(1) and 241(6) must [*2]show that he or she was both permitted to work on a building or structure and was hired by someone (see Hill v Country Club Acres, Inc., 134 AD3d 1267). Those provisions may apply to the president of the general contractor for the project, who is inspecting work performed by subcontractors (see Van Buskirk v State of New York, 303 AD2d 970). Inspecting the work on behalf of a general contractor is a protected activity covered by these Labor Law provisions (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878; DeSimone v City of New York, 121 AD3d 420).
Here, the plaintiff alleges that he was on his property on behalf of his company Alliance to inspect the progress of the work of the defendant, which was a subcontractor hired by Alliance to perform excavation work. If his allegations are true, the plaintiff is a proper plaintiff pursuant to Labor Law §§ 240(1) and 241(6).
Further, the defendant alleges that it was not the general contractor or agent of the owner, and therefore could not be liable for alleged violations of Labor Law §§ 240(1) and 241(6). However, a subcontractor may be liable for violations of those provisions if the owner or general contractor delegates to the subcontractor the "duty to conform to the requirements of [the Labor Law]" by granting the subcontractor the authority to supervise and control the work which brought about the injury (Walls v Turner Constr. Co., 4 NY3d 861, 864 [internal quotation marks omitted]; see Van Blerkom v American Painting, LLC, 120 AD3d 660; Temperino v DRA, Inc., 75 AD3d 543, 545; Barrios v City of New York, 75 AD3d 517). Here, the plaintiff alleged that the defendant was working alone at the site and the plaintiff was merely on-site to inspect the progress of the work. The plaintiff further claims that he "did not direct or control the work . . . and played no role in implementing safety procedures or taking safety measures," since safety measures were in the exclusive control of the defendant. Thus, although the defendant does not own the property and did not appear to be acting as a general contractor, there are triable issues of fact as to whether the defendant could be liable under Labor Law §§ 240(1) and 241(6) on the ground that it had control of the work site and was delegated the duty to enforce safety protocols at the time the accident occurred.
Since the defendant failed to eliminate all triable issues of fact, it was not entitled to summary judgment, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention, raised for the first time in its reply brief, is not properly before this Court (see Barone v 1116 Ave. H Realty, LLC, 151 AD3d 928).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court