Mitchell v Caton on the Park, LLC (2018 NY Slip Op 08639)





Mitchell v Caton on the Park, LLC


2018 NY Slip Op 08639


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-11477
 (Index No. 6065/09)

[*1]Simon Mitchell, appellant,
v Caton on the Park, LLC, defendant, Springline Builders, LLC, respondent (and a third-party action).


G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated September 25, 2015. The order, insofar as appealed from, granted those branches of the motion of the defendant Springline Builders, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a carpenter employed by Titus Associates, Inc. (hereinafter Titus), allegedly was injured while working at a construction site when his pants leg caught on a part of a rebar that had been left sticking out of concrete, causing him to trip and fall. The owner of the premises, the defendant Caton on the Park, LLC (hereinafter Caton), had hired the defendant Springline Builders, LLC (hereinafter Springline), to serve as the construction manager on the project. Springline entered into a trade contract with Titus to perform the superstructure concrete work. Springline's contract with Titus provided that Titus, as trade contractor, "shall supervise and direct Work," and that Titus "shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of Work under this Trade Contract."
The plaintiff commenced this action against Caton and Springline to recover damages, inter alia, for common-law negligence and violations of Labor Law §§ 200 and 241(6). Springline moved for summary judgment dismissing the amended complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted Springline's motion.
Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation, or demolition work is being performed (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502). The provision requires owners and contractors to comply with specific safety rules and regulations promulgated by the Commissioner of the Department of [*2]Labor (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 502, 505). The particular safety rule or regulation relied upon by a plaintiff must mandate compliance with particular specifications, and not simply set forth general safety standards (see id. at 504-505).
We agree with the Supreme Court's determination granting that branch of Springline's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. The cause of action alleging a violation of Labor Law § 241(6) asserted by the plaintiff was predicated on Industrial Code (12 NYCRR) § 23-1.7(e). This section of the Industrial Code, however, has no application where the object that caused the plaintiff's injury was an integral part of the work being performed (see Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 984; Castillo v Starrett City, 4 AD3d 320, 322). Springline established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action by demonstrating that the rebar on which the plaintiff caught his pants leg was an integral part of the construction (see Venezia v State of New York, 57 AD3d 522, 523). In opposition, the plaintiff failed to raise a triable issue of fact regarding the alleged violation of Labor Law § 241(6).
"Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed. These two categories should be viewed in the disjunctive" (Ortega v Puccia, 57 AD3d 54, 61). " [W]hen the manner and method of work is at issue in a Labor Law § 200 analysis' the issue is whether the defendant had the authority to supervise or control the work'" (Poalacin v Mall Props., Inc., 155 AD3d 900, 908, quoting Ortega v Puccia, 57 AD3d at 62 n 2). However, "[w]hen a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (Abelleira v City of New York, 120 AD3d 1163, 1164; see Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 997; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 698; Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; Martinez v City of New York, 73 AD3d 993, 998). Where, as here, an accident is alleged to involve "defects in both the premises and the manner in which the work was performed, a defendant moving for summary judgment dismissing a cause of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Marquez v L & M Dev. Partners, Inc., 141 AD3d at 699; see DiMaggio v Cataletto, 117 AD3d 984, 986).
We agree with the Supreme Court's determination to grant those branches of Springline's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Springline submitted evidence demonstrating, prima facie, that it had no authority to supervise or control the performance of the plaintiff's work (see Venezia v State of New York, 57 AD3d at 523). Springline also demonstrated, prima facie, it did not have control over the work site and that it did not create or have notice of the allegedly dangerous condition (see Marquez v L & M Dev. Partners, Inc., 141 AD3d at 699; Yong Ju Kim v Herbert Constr. Co., 275 AD2d 709, 712). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are either not properly before this Court or without merit.
ROMAN, J.P, SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court