Yiming Zhou v 828 Hamilton, Inc. (2019 NY Slip Op 04752)





Yiming Zhou v 828 Hamilton, Inc.


2019 NY Slip Op 04752


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-08985
 (Index No. 509711/14)

[*1]Yiming Zhou, respondent,
v 828 Hamilton, Inc., et al., appellants, et al., defendants.


Robert N. Lerner, Brooklyn, NY, for appellants.
Ross, Legan, Rosenberg, Zelen & Flaks, LLP, New York, NY (Michael Flaks of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 828 Hamilton, Inc., and Bright Way Cabinets and Home Centers, Inc., appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated June 29, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants 828 Hamilton, Inc., and Bright Way Cabinets and Home Centers, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Bright Way Cabinets and Home Centers, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2014, the plaintiff commenced this action to recover damages for injuries allegedly sustained by him on August 14, 2014, while performing work at a building owned by the defendant 828 Hamilton, Inc. (hereinafter 828 Hamilton). According to the plaintiff, he ordinarily worked as a salesman at a kitchen plumbing supply center that was owned and operated by the defendant Bright Way Cabinets and Home Centers, Inc. (hereinafter Bright Way). On the date in question, however, he allegedly was instructed to run thermostat cable wiring through a wall on the second floor of the subject building. While attempting to perform this work, the plaintiff allegedly stepped on a thin, unsecured piece of styrofoam covering a rectangular duct opening in the floor, and the styrofoam broke underneath him, causing him to fall through the hole approximately 15 feet to the building's first floor.
Prior to discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against 828 Hamilton and Bright Way (hereinafter together the defendants). The Supreme Court granted that branch of the motion, and the defendants appeal.
As a threshold matter, we agree with the Supreme Court's determination that the [*2]branch of the plaintiff's motion which was for summary judgment was not premature. The defendants failed to demonstrate how further discovery might reveal or lead to relevant evidence, or that facts essential to oppose the motion were exclusively within the plaintiff's control (see CPLR 3212[f]; Robinson v Bond St. Levy, LLC, 115 AD3d 928, 929; Cajas-Romero v Ward, 106 AD3d 850, 852).
As to the merits of the plaintiff's motion, we agree with the Supreme Court that the plaintiff was entitled to summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against 828 Hamilton, the property owner. The plaintiff submitted evidence that he fell through an opening in the floor where an inadequate safety device was in place to protect him from the opening, and that this violation was a proximate cause of his alleged injuries. Thus, he demonstrated, prima facie, that his fall was the result of an elevation-related hazard within the meaning of Labor Law § 240(1) (see Munzon v Victor at Fifth, LLC, 161 AD3d 1183; Durando v City of New York, 105 AD3d 692, 695; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449-450; Brandl v Ram Bldrs., Inc., 7 AD3d 655, 656; Segarra v All Boroughs Demolition & Removal, 284 AD2d 321, 322; Carpio v Tishman Constr. Corp. of N.Y., 240 AD2d 234, 235). In opposition, 828 Hamilton failed to raise a triable issue of fact. Accordingly, we agree with the court's determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against 828 Hamilton.
We disagree, however, with the Supreme Court's determination that the plaintiff was entitled to summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Bright Way.
Labor Law § 240(1) "imposes liability only on contractors, owners or their agents" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293; see Labor Law § 240[1]). "An agency relationship for purposes of section 240(1) arises only when work is delegated to a third party who obtains the authority to supervise and control the job" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 293; see Walls v Turner Constr. Co., 4 NY3d 861, 863-864). "Where the owner or general contractor delegates to a third party the duty to conform to the requirements of the Labor Law, that third party becomes the statutory agent of the owner or general contractor" (Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 697). "The key question is whether the defendant had the right to insist that proper safety practices were followed" (Seferovic v Atlantic Real Estate Holdings, LLC, 127 AD3d 1058, 1060). "[U]nless a defendant has supervisory control and authority over the work being done when the plaintiff is injured, there is no statutory agency conferring liability under the Labor Law" (Walls v Turner Constr. Co., 4 NY3d at 864).
Here, the plaintiff's evidence failed to establish, prima facie, that Bright Way was an agent of the property owner or one of its contractors at the site. The evidence proffered by the plaintiff in support of his motion did not establish that Bright Way had been delegated the "duty to conform to the requirements of the Labor Law" (Marquez v L & M Dev. Partners, Inc., 141 AD3d at 697), that Bright Way "had the right to insist that proper safety practices were followed" at the construction site (Seferovic v Atlantic Real Estate Holdings, LLC, 127 AD3d at 1060), that Bright Way had "broad responsibility" to coordinate and supervise "all the work being performed on the job site" (Walls v Turner Constr. Co., 4 NY3d at 864), or that Bright Way had requested or been granted authority by the owner or contractor to supervise and control the work in the area where the accident occurred (cf. Van Blerkom v America Painting, LLC, 120 AD3d 660, 661-662).
Since the plaintiff failed to meet his prima facie burden of demonstrating that Labor Law § 240(1) was applicable to Bright Way, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Bright Way.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court