Daeira v Genting N.Y., LLC (2019 NY Slip Op 04678)





Daeira v Genting N.Y., LLC


2019 NY Slip Op 04678


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-04643
 (Index No. 701387/14)

[*1]Ricky Daeira, et al., respondents-appellants,
v
Genting New York, LLC, etc., et al., respondents, D'Amato Builders & Advisors, LLC, defendant third-party plaintiff-respondent-appellant, A.F.I. Glass & Architectural Metal, Inc., third-party defendant-appellant-respondent.


Gambeski & Frum, Elmsford, NY (Donald L. Frum of counsel), for third-party defendant-appellant-respondent.
Rubin, Fiorella & Friedman, LLP, New York, NY (Leila Cardo and Stewart Greenspan of counsel), for defendant third-party plaintiff-respondent-appellant.
Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for respondents-appellants.
Wilson Elser Moskowitz Edelman & Dicker, LLP (Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY [Christopher Simone, Gerard S. Rath, and Steven Widom], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the third-party defendant, A.F.I. Glass & Architectural Metal, Inc., appeals, the defendant third-party plaintiff, D'Amato Builders & Advisors, LLC, cross-appeals, and the plaintiffs separately cross-appeal, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered April 14, 2016. The order, insofar as appealed from, denied those branches of the cross motion of the third-party defendant, A.F.I. Glass & Architectural Metal, Inc., which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution. The order, insofar as cross-appealed from by the defendant third-party plaintiff, D'Amato Builders & Advisors, LLC, (1) denied that branch of its cross motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, (2) denied that branch of its cross motion which was for summary judgment dismissing the cross claim of the defendant Genting New York, LLC, for contribution insofar as asserted against it, (3) granted that branch of the cross motion of the defendants Genting New York, LLC, and New York Raceway Association, Inc., which was for summary judgment dismissing the cross claim of the defendant third-party plaintiff, D'Amato Builders & Advisors, LLC, for contribution insofar as asserted against the defendant New York Raceway Association, Inc., and (4) denied that branch of its cross motion which was for summary judgment on its third-party cause of action for contractual indemnification against the third-party defendant, A.F.I. Glass & Architectural Metal, Inc. The order, insofar as cross-appealed from by the [*2]plaintiffs, (1) denied those branches of their motion which were for summary judgment on the issue of liability on their Labor Law §§ 240(1) and 241(6) causes of action, (2) granted those branches of the cross motion of the defendants Genting New York, LLC, and New York Raceway Association, Inc., which were for summary judgment dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against them, (3) granted that branch of the cross motion of the defendants Genting New York, LLC, and New York Raceway Association, Inc., which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against the defendant New York Raceway Association, Inc., and (4) granted those branches of the cross motion of the defendant third-party plaintiff, D'Amato Builders & Advisors, LLC, which were for summary judgment dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendants Genting New York, LLC, and New York Raceway Association, Inc., which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against the defendant New York Raceway Association, Inc., and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendants Genting New York, LLC, and New York Raceway Association, Inc., which was for summary judgment dismissing the cross claim of the defendant third-party plaintiff, D'Amato Builders & Advisors, LLC, for contribution insofar as asserted against the defendant New York Raceway Association, Inc., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs allege that the plaintiff Ricky Daeira (hereinafter the injured plaintiff) was injured when he fell through glass flooring on a construction site. The injured plaintiff, and his wife suing derivatively, commenced this action against Genting New York, LLC (hereinafter Genting), New York Raceway Association, Inc. (hereinafter NYRA), and D'Amato Builders & Advisors, LLC (hereinafter DBA), to recover damages for personal injuries. The plaintiffs alleged that the defendants were negligent and that they violated Labor Law §§ 200, 240(1), and 241(6). Genting and NYRA asserted cross claims against DBA seeking contribution. DBA asserted cross claims against Genting and NYRA seeking contribution and common-law indemnification.
DBA commenced a third-party action against A.F.I. Glass & Architectural Metal, Inc. (hereinafter AFI), for contractual indemnification, common-law indemnification, and contribution, and to recover damages for breach of contract. AFI cross-claimed against Genting and NYRA, and counterclaimed against DBA, for common-law indemnification.
The plaintiffs moved for summary judgment on the issue of liability. NYRA and Genting cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. DBA separately cross-moved for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it, and for summary judgment on its third-party cause of action for contractual indemnification against AFI. AFI separately cross-moved for summary judgment dismissing the third-party complaint and for summary judgment dismissing all cross claims and counterclaims insofar as asserted against it.
The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability. The court granted those branches of DBA's cross motion which were for summary judgment dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against it and denied the remaining branches of DBA's cross motion. As to Genting and NYRA's cross motion, the court: (1) granted those branches of the cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against them, (2) granted that branch of the cross motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against NYRA, (3) granted that branch of the cross motion which was for summary judgment dismissing DBA's cross claims for common-law indemnification and contribution insofar as asserted against NYRA, and (4) denied the remaining branches of Genting and NYRA's cross [*3]motion. The court granted that branch of AFI's cross motion which was for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for breach of contract and denied the remaining branches of AFI's cross motion.
AFI appeals, DBA cross-appeals, and the plaintiffs separately cross-appeal.
We agree with the Supreme Court's determinations denying those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action, granting those branches of DBA's cross motion which were for summary judgment dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against it, and granting those branches of Genting and NYRA's cross motion which were for summary judgment dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against them. "[I]n order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577, [citations and internal quotation marks omitted]). This "holding[ ] reflect[s] the clear legislative history of sections 200, 240 and 241 of the Labor Law, which demonstrates that the Legislature's principal objective and purpose underlying these enactments was to provide for the health and safety of employees" (id. at 577). Here, the plaintiffs failed to demonstrate, prima facie, that the injured plaintiff was subject to the protection of the Labor Law. In contrast, DBA, Genting, and NYRA demonstrated, prima facie, that the injured plaintiff was not subject to the protection of the Labor Law, as he was "not a person employed' to carry out the repairs as that term is used in section 200(1), section 240(1) and section 241(6) of the Labor Law" (Gibson v Worthington Div. of McGraw-Edison Co., 78 NY2d 1108, 1109; see Mordkofsky v V.C.V. Dev. Corp., 76 NY2d at 576-577). In opposition to these prima facie showings, the plaintiffs failed to raise a triable issue of fact. Therefore, the plaintiffs could recover only if they could "establish the elements of a traditional negligence cause of action" (Gibson v Worthington Div. of McGraw-Edison Co., 78 NY2d at 1110).
We also agree with the Supreme Court's determination denying that branch of DBA's cross motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. "A cause of action sounding in . . . common-law negligence may arise from either dangerous or defective premises conditions at a work site or the manner in which the work is performed" (Pilato v 866 U.N. Plaza Assoc., LLC, 77 AD3d 644, 645). "To be held liable . . . for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work" (Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 698 [internal quotation marks omitted]). Liability based on "a dangerous condition on the premises" (id. at 698) depends on a defendant having "had control over the work site and [having] either created the dangerous condition or had actual or constructive notice of it" (id. [internal quotation marks omitted]. To impose liability for common-law negligence, the "negligence must be a proximate cause of the accident" (Capellan v King Wire Co., 19 AD3d 530, 532; see Navarro v City of New York, 75 AD3d 590, 592). Here, DBA did not demonstrate its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action insofar as asserted against it. DBA's evidence did not establish as a matter of law that it lacked the authority to exercise supervision and control over the work, that it lacked the authority to control the work site, that it lacked actual or constructive notice of the alleged dangerous condition, that its negligence, if any, was not a proximate cause of the accident, or that the injured plaintiff's actions were the sole proximate cause of his accident (see Marquez v L & M Dev. Partners, Inc., 141 AD3d at 698; Navarro v City of New York, 75 AD3d at 592; Capellan v Kings Wire Co., 19 AD3d at 532). Therefore, DBA was not entitled to summary judgment dismissing this cause of action insofar as asserted against it, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Furthermore, we agree with the court's determination denying that branch of DBA's cross motion which was for summary judgment dismissing Genting's cross claim for contribution insofar as asserted against it.
We disagree with the Supreme Court's determination that NYRA demonstrated its [*4]prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action insofar as asserted against it. NYRA submitted contradictory evidence regarding its role in the construction project and regarding how often, if at all, NYRA employees were on the construction site to inspect or direct the construction work. Therefore, NYRA did not "tender[ ] sufficient evidence to eliminate any material issues of fact from the case" regarding its authority to control the work or the work site and regarding whether it had actual or constructive notice of the alleged dangerous condition (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; see Marquez v L & M Devl Partners, Inc., 141 AD3d at 698). Accordingly, the court should have denied that branch of NYRA's cross motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, without regard to the sufficiency of the plaintiffs' or DBA's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). In light of this determination, the court also should have denied that branch of NYRA's cross motion which was for summary judgment dismissing DBA's cross claim for contribution insofar as asserted against it.
AFI's argument that DBA's third-party claims for common-law indemnification and contribution were barred by Workers' Compensation Law § 11 is not properly before this Court (see Alvia v Teman Elec. Contr., 287 AD2d 421, 423).
In light of the foregoing, we need not reach the parties' remaining contentions.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court